IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40266
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS NARVAEZ,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-97-CR-371-1
- - - - - - - - - -

February 26, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Jesus Iturbe Narvaez appeals his conviction of possession with the intent to distribute more than 500 grams of cocaine in violation of 18 U.S.C. § 841(b)(1)(B). He asserts that the district court erred in denying his motion to suppress all evidence obtained through a search of his residence. Narvaez contends that the affidavit offered in support of the warrant to search his home lacked sufficient indicia of probable cause that

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence of drug-trafficking activities would be found there.  He

further asserts that the affidavit was so conspicuously lacking in probable cause that the good-faith exception does not apply. He also urges that the district court's factual findings were clearly erroneous in light of the fact that the bulk of the affidavit refers not to his actions, but rather to those of some individual named "Nerves."

The district court's factual findings were not clearly erroneous.  The district court found, albeit implicitly, that all references in the affidavit to "Nerves" were, in fact, references to the appellant.  This finding is supported by the record.  See United States v. Rivas, 157 F.3d 364, 367 (5th Cir. 1998). Narvaez's assertion that the good-faith exception is inapplicable is also unavailing.  The affidavit was not so facially deficient that the executing officers could not reasonably have presumed it to be valid.  See United States v. Leon, 468 U.S. 897, 923 (1984).  Because the good-faith exception is applicable and no novel question of law is presented, this court need not address whether the affidavit contained sufficient indicia of probable cause.  See United States v. Satterwhite, 980 F.2d 317, 320 (5th Cir. 1992).  Accordingly, Narvaez's conviction is AFFIRMED.